**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-7582

UNITED STATES OF AMERICA,

        Plaintiff - Appellant,

    v.

IVEY WALKER,

        Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Lacy H. Thornburg, District Judge. (3:97-cr-00022-9; 3:02-cv-00066)

Submitted: September 10, 2008     Decided: October 31, 2008

Before TRAXLER, Circuit Judge, HAMILTON, Senior Circuit Judge, and James C. DEVER III, United States District Judge for the Eastern District of North Carolina, sitting by designation.

Vacated and remanded by unpublished per curiam opinion.

Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellant. Andrew B. Banzhoff, DEVEREUX & BANZHOFF, P.L.L.C., Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After his drug-related convictions and life sentence were affirmed by this court on direct appeal, see United States v. Mackins, 315 F.3d 399 (4th Cir. 2003), Ivey Walker filed a petition for relief under 28 U.S.C.A. § 2255. The district court rejected Walker's challenges to his convictions, but reduced Walker's life sentence to 240 months' imprisonment. We vacate the sentence and remand with instructions that the district court re-impose the original sentence.

I.

Ivey Walker and others, including Alonzo Mackins and Willie Mackins, were tried together and convicted of various drug-related offenses. The sentencing took place in October 1999, well before the issuance of the Supreme Court's opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000). Counsel for Willie Mackins raised a Sixth-Amendment objection to his sentence being based on drug quantities not found by the jury. The attorneys for Walker and Alonzo Mackins objected to the drug quantities set out in the pre-sentence report, but they did not join in Willie Mackins's Sixth Amendment objection or otherwise object to the sentencing on constitutional grounds. The district court sentenced all three defendants to life imprisonment, a sentence that was largely the product of the district court's drug-

2

quantity determinations. Walker, Willie Mackins, and Alonzo Mackins appealed their convictions and sentences.

While the direct appeal was pending before this court, the Supreme Court issued its opinion in Apprendi. Apprendi and the cases that followed it, of course, significantly changed the legal framework in criminal cases. Among other things, we concluded post-Apprendi that the threshold drug quantities set forth in § 841 are elements of the drug offense that must be alleged in an indictment and found by the jury. See United States v. Promise, 255 F.3d 150, 156 (4th Cir. 2001) (en banc).

Walker and the Mackins brothers raised the Apprendi issue on direct appeal. We concluded that Willie Mackins's Sixth Amendment objection at sentencing was sufficient to preserve the Apprendi issue for appeal. Because the life sentence imposed exceeded the sentence that could have been imposed based on the findings of the jury alone, we vacated Willie Mackins's sentence and remanded for re-sentencing. See Mackins, 315 F.3d at 410.

As to Alonzo Mackins and Walker, however, we concluded because they did not join in the Sixth Amendment objection made by Willie Mackins at sentencing, their Apprendi claims would be reviewed for plain error only. See Fed. R. Crim. P. 52(b). Under plain error review, "we must affirm unless an appellant can show that (1) an error was made, (2) it was plain, and (3) it affected the appellant's substantial rights." United States

v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005).  Even if we determine that a plain error occurred, correction of the error "lies within our discretion, which we do not exercise unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (internal quotation marks omitted).

With regard to Walker and Alonzo Mackins's Apprendi claim, we found plain error in their sentences, but we declined to exercise our discretion to recognize the error, concluding that the evidence overwhelmingly established drug quantities sufficient to support the life sentences they received:

> Even a cursory review of the record reveals that the conspiracy charged here indisputably involved quantities of cocaine and cocaine base far in excess of the minimum amounts necessary to sustain the sentences pursuant to 21 U.S.C.A. § 841(b)(1)(A).  As in [United States v. Cotton, 535 U.S. 625 (2002)], the evidence as to quantity was indeed "overwhelming" and "essentially uncontroverted."  Accordingly, Cotton mandates the conclusion that, even if the error here affected Alonzo Mackins' and Ivey Walker's substantial rights, it does not seriously affect the fairness, integrity, or public reputation of judicial proceedings so as to warrant notice.

Mackins, 315 F.3d at 408.

Walker thereafter filed this § 2255 petition raising various claims of ineffective assistance of counsel, including a claim that his attorney was ineffective for not joining in the Sixth-Amendment objection to sentencing made by counsel for Willie Mackins.  The district court summarily rejected some of

4

Walker's claims, but held a hearing to address others, including the Apprendi claim.

The district court concluded that counsel's failure to join in the Sixth-Amendment objection was the product of a reasonable sentencing strategy and that Walker's life sentence thus was not the result of constitutionally ineffective assistance of counsel.[1] Despite rejecting the ineffective-assistance-of-counsel claim, the district court nonetheless determined that Walker was entitled to re-sentencing. The court concluded that that our decision on direct appeal that Walker was not entitled to relief under plain error review was inconsistent with this court's later decision in United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), a post-Booker case where we granted relief on direct appeal under plain error review. The district court stated that it was "unable to divine any difference between [Walker's] case and that of Hughes," J.A. 320, and the court held that Walker was entitled to relief from the life sentence under Hughes. The district court also grounded its decision on non-constitutional grounds, concluding that Walker's sentence was "the result of a non-constitutional error which involves 'a fundamental defect which inherently results in a complete miscarriage of justice' or is 'inconsistent with the rudimentary

_____

[1] Walker does not challenge that conclusion on appeal.

5

demands of fair procedure.'" J.A. 324. The district court therefore vacated Walker's sentence and re-sentenced him to twenty years.

II.

The government appeals, arguing, among other things, that the district court erred by granting Walker relief on grounds that had been rejected by this court on direct appeal. We agree.

Absent a change in the law, a prisoner cannot relitigate in collateral proceedings an issue rejected on direct appeal. See, e.g., United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004) ("Because the Defendants have not pointed to any change in the law that warrants our reconsideration of these claims, we agree with the district court that they cannot relitigate these issues."); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam) (explaining that criminal defendant cannot "recast, under the guise of collateral attack, questions fully considered by this court [on direct appeal]"). We agree with the government that there has been no change in our treatment of Apprendi errors since Walker's Apprendi claim was rejected on direct appeal.

As noted above, this court rejected Walker's Apprendi claim on plain error review after concluding that the evidence

6

presented at trial overwhelmingly established drug quantities sufficient to support the life sentence imposed. In Hughes, the case that the district court believed was inconsistent with our approach in Walker's direct appeal, we found that an Apprendi-Booker[2] sentencing error had occurred. Without discussing the nature and quality of the evidence presented at trial, the Hughes court determined that the standards for correcting plain error were satisfied, and we vacated and remanded for re-sentencing under plain error review. See Hughes, 401 F.3d at 547-56.

The most that can be inferred from the Hughes court's failure to discuss the nature of the trial evidence is that the evidence was less than overwhelming and therefore did not provide a basis for the court to decline to correct the plain sentencing error. The Hughes court's silence about the nature of the evidence in that case, however, simply does not mean, as the district court concluded, that Apprendi-Booker sentencing errors must always be corrected, without regard to what was established by the evidence presented at trial. We made that point explicitly in United States v. Smith, 441 F.3d 254 (4th Cir. 2006), where we held that if there is overwhelming and uncontroverted evidence supporting a sentence enhancement, we

---

[2] United States v. Booker, 543 U.S. 220 (2005).

7

will not correct an Apprendi-Booker error on plain-error review. See id. at 272-73 ("Even though the Sixth Amendment required that the jury, rather than the trial judge, make the drug quantity findings that increased [the defendant's] sentence, the evidence concerning drug quantity was overwhelming and uncontroverted, even at sentencing. . . . There can be no question that the jury, having found that the offenses were committed, would have also determined that the offenses involved the specific amounts charged in the indictment."). Hughes, therefore, does not undermine the approach to Apprendi errors taken by this court when considering Walker's direct appeal.

The district court therefore erred by concluding that Hughes signaled a change in our treatment of Apprendi-Booker sentencing errors. And because there has been no change in the governing law since this court declined on direct appeal under plain-error review to correct the Apprendi-Booker error in Walker's direct appeal, the district court likewise erred by granting Walker the relief that this court had already denied on direct appeal.[3]  See Roane, 378 F.3d at 396 n.7; Boeckenhaupt, 537 F.3d at 1183.

_____

[3] As an alternative basis for re-sentencing Walker, the district court pointed to Hill v. United States, 368 U.S. 424 (1962), where the Supreme Court held that non-jurisdictional, non-constitutional errors may be remedied through § 2255 only if the claimed error is "a fundamental defect which inherently (Continued)

8

Walker argues in his response brief that he should have been re-sentenced to five years instead of twenty years, because the indictment alleged a conspiracy involving multiple kinds of drugs, and the jury's verdict did not indicate which drug was the object of the conspiracy. See United States v. Rhynes, 196 F.3d 207, 239 (4th Cir. 1999) (holding that where there is a general verdict on a count charging a conspiracy to distribute multiple controlled substances, the district court may not impose a sentence in excess of the statutory maximum for the least punished drug on which the conspiracy could have been based), vacated in part on other grounds, 218 F.3d 310 (4th Cir. 2000) (en banc). Because we rejected this argument on direct appeal, see Mackins, 315 F.3d at 416, and there has been no change in the governing law, Walker is foreclosed from re-

---

results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure," and the error "present[s] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 428 (internal quotation marks omitted). Putting aside the question of whether the Hill standard is applicable to Walker's constitutionally based Apprendi claim, our conclusion on direct appeal that allowing Walker's life sentence to stand "does not seriously affect the fairness, integrity, or public reputation of judicial proceedings," Mackins, 315 F.3d at 408, necessarily means that the even-stricter Hill standard cannot be satisfied.

asserting the issue on collateral review.  See Roane, 378 F.3d at 396 n.7.

IV.

Accordingly, for the foregoing reasons, we hereby vacate the district court's order resentencing Walker and we remand with instructions that the district court re-impose the original sentence of life imprisonment.

VACATED AND REMANDED