# Illinois Official Reports

## Appellate Court

---

### *People v. Mitros*, 2016 IL App (1st) 121432

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY MITROS, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>Docket No. 1-12-1432 |
| Filed | November 10, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 88-CR-8544; the Hon. Kenneth J. Wadas, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and David M. Berger, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Assistant State's Attorney, of counsel), for the People. |
| Panel | JUSTICE HOWSE delivered the judgment of the court, with opinion.<br>Justices Fitzgerald Smith and Cobbs concurred in the judgment and opinion. |

**OPINION**

¶ 1    In 1989, defendant Anthony Mitros entered an open plea of guilty to intentional murder (Ill. Rev. Stat. 1987, ch. 38, ¶ 9-1(a)(1)) and residential burglary (Ill. Rev. Stat. 1987, ch. 38, ¶ 19-3(a)). The trial court entered respective sentences of natural life imprisonment and 15 years in prison, to be served concurrently.

¶ 2    This appeal involves defendant's 2011 *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1401 (West 2010)). In that petition, defendant sought to vacate his guilty plea and argued that his sentence was void. The circuit court dismissed the petition *sua sponte*, stating defendant had not presented a claim that entitled him to relief. On appeal, defendant contended that his sentence of natural life imprisonment was not authorized by statute because the court relied on a predicate felony that was not included in the murder statute at the time of his offense.

¶ 3    In an unpublished order filed on September 11, 2014, this court found that defendant's sentence was void as unauthorized by statute. This court remanded this case for defendant to be resentenced. *People v. Mitros*, 2014 IL App (1st) 121432-U.

¶ 4    Subsequently, on January 20, 2016, the Illinois Supreme Court denied the State's petition for leave to appeal but issued a supervisory order directing this court to vacate that judgment and reconsider the case in light of *People v. Castleberry*, 2015 IL 116916, to determine whether a different result was warranted. The parties have filed supplemental briefs addressing that case's applicability.

¶ 5    After reconsidering this case in light of *Castleberry*, we conclude that decision applies retroactively to defendant's case and that defendant can no longer challenge his sentence as void. Therefore, the circuit court's order dismissing defendant's section 2-1401 petition is affirmed.[1]

¶ 6                                            BACKGROUND

¶ 7    Based on events that occurred on May 24, 1988, defendant was charged with three counts of first degree murder, two counts of residential burglary, one count of armed robbery, and several other counts relating to the stabbing death of Helen McCasland in the course of a home burglary. As to the murder counts, count I charged defendant with intentional murder (Ill. Rev. Stat. 1987, ch. 38, ¶ 9-1(a)(1)). Count II charged defendant with knowing murder (Ill. Rev. Stat. 1987, ch. 38, ¶ 9-1(a)(2)). Count III charged defendant with felony murder, specifically murder during the commission of the forcible felony of armed robbery (Ill. Rev. Stat. 1987, ch. 38, ¶ 9-1(a)(3)). Count IV charged defendant with residential burglary (Ill. Rev. Stat. 1987, ch. 38, ¶ 19-3(a)).

¶ 8    On May 26, 1989, defendant entered an open plea of guilty to intentional murder (count I) and residential burglary (count IV). All of the remaining charges against defendant, including armed robbery, were nol-prossed. Defendant stipulated to the presence of an aggravating factor that would qualify him to receive the death penalty; that aggravating factor is not identified in the record.

---

[1]Justice Epstein participated in this appeal and is no longer with this court. Justice Cobbs has replaced Justice Epstein and has reviewed the briefs in this appeal.

¶ 9    The case was continued to June 16, 1989, for the second stage of sentencing. The court noted: "On the last court date the defendant agreed that, in fact, a qualification factor was present whereby the defendant would be subject to the death penalty; that being the commission of the offense of residential burglary and felony murder."

¶ 10    The court sentenced defendant to natural life without the possibility of parole on count I and to 15 years in prison on count III, which the court called "the less serious of the murder allegations." The mittimus establishes that the court imposed a natural life sentence on count I for intentional murder and 15 years on count IV for residential burglary.

¶ 11    Defendant did not move to vacate his guilty plea, and no appeal was taken. Defendant later filed a *pro se* petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2002)), which was dismissed at the second stage of review. On appeal, this court affirmed. *People v. Mitros*, No. 1-07-2686 (2009) (unpublished order under Supreme Court Rule 23).

¶ 12    On December 19, 2011, defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code, asserting that his natural life sentence was void. On March 23, 2012, the circuit court, acting *sua sponte*, dismissed defendant's section 2-1401 petition, stating that defendant did not present a claim entitling him to relief.

¶ 13    Before addressing the parties' arguments on appeal, we note that, as defendant observes, the trial court on June 16, 1989, stated that it was sentencing defendant on the intentional murder and felony murder counts. Although the court's oral order generally controls where the report of proceedings and the common-law record conflict (see *People v. Peeples*, 155 Ill. 2d 422, 496 (1993)), the trial court could not sentence defendant on two murder counts in this case, because the crimes involved a single murder victim. See *People v. Miller*, 238 Ill. 2d 161, 165 (2010) (a defendant cannot be convicted for more than one offense arising out of the same physical act). Instead, the colloquy of defendant's plea, the remainder of the report of proceedings, and the mittimus all indicate defendant was convicted on count I (intentional murder), for which the court imposed a natural life sentence, and count IV (residential burglary), for which the court sentenced defendant to a concurrent term of 15 years in prison. The State does not dispute that those convictions and sentences were entered in this case.

¶ 14    When defendant committed these crimes in 1988, the first degree murder statute (Ill. Rev. Stat. 1987, ch. 38, ¶ 9-1) provided, in pertinent part:

"(a) A person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death:

(1) He either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another[.]"

¶ 15    A term of natural life imprisonment could be imposed upon a finding of an aggravating factor listed in subsection 9-1(b) of the murder statute. Ill. Rev. Stat. 1987, ch. 38, ¶ 1005-8-1(a)(1)(b); Ill. Rev. Stat. 1987, ch. 38, ¶ 9-1(b). One such factor was if the victim was killed in the course of a forcible felony listed in the statute. Ill. Rev. Stat. 1987, ch. 38, ¶ 9-1(b)(6)(c). At the time of defendant's offense, residential burglary was not listed among those felonies. *Id.* Therefore, defendant could not have been sentenced to natural life imprisonment for committing murder in the course of a residential burglary. The statute was subsequently amended by Public Act 86-1012 (eff. July 1, 1990) to include residential burglary among the enumerated felonies in section 9-1(b). Thus, defendant's sentence was not

authorized by statute when imposed by the trial court in 1989.

¶ 16                                    VOIDNESS CHALLENGE

¶ 17        This appeal involves defendant's 2011 *pro se* petition challenging his sentence as void under section 2-1401. Section 2-1401 of the Code provides a means by which a trial court can vacate or modify a final order or judgment in a civil or criminal proceeding. *People v. Thompson*, 2015 IL 118151, ¶ 28. A section 2-1401 petition must be filed no earlier than 30 days from the entry of the final order but not more than 2 years thereafter. 735 ILCS 5/2-1401(a), (c) (West 2010). Where, as here, a section 2-1401 petition was dismissed without an evidentiary hearing, we review that dismissal *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007).

¶ 18        Clearly, defendant's challenge to his 1989 sentence is beyond the two-year time frame allowed in section 2-1401. Until recently, a defendant has been able to challenge a judgment after the expiration of the two-year deadline set out in section 2-1401 by asserting that judgment was void. 735 ILCS 5/2-1401(c) (West 2010); *Thompson*, 2015 IL 118151, ¶ 29. A defendant could raise such a challenge under *People v. Arna*, 168 Ill. 2d 107, 113 (1995), which held that a sentence that did not conform to a statutory requirement could be attacked at any time. That was the basis of this court's order in *Mitros*, 2014 IL App (1st) 121432-U, that defendant should be resentenced because his original term was void as unauthorized by statute. This court relied on *People v. White*, 2011 IL 109616, ¶ 20, which held that a court lacks the authority to impose a sentence that does not conform to a statutory requirement.

¶ 19        *Arna* was overturned and the void sentence rule was abolished in *Castleberry*, 2015 IL 116916, ¶ 19. The supreme court stated in *Castleberry* that the circuit court's power derives from personal and subject-matter jurisdiction over a case and held that " 'while the legislature can create new justiciable matters by enacting legislation that creates rights and duties, the failure to comply with a statutory requirement or prerequisite does not negate the circuit court's subject matter jurisdiction or constitute a nonwaivable condition precedent to the circuit court's jurisdiction.' " *Castleberry*, 2015 IL 116916, ¶ 15 (quoting *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 37). Thus, the supreme court concluded that only the most fundamental defects, such as the lack of personal or subject-matter jurisdiction, render a judgment void. *Castleberry*, 2015 IL 116916, ¶¶ 11, 15 (citing *LVNV Funding, LLC*, 2015 IL 116129, ¶ 38).

¶ 20        Several weeks after deciding *Castleberry*, the supreme court in *Thompson* addressed a voidness challenge under section 2-1401. The court held that under *Castleberry*, an argument that a sentence does not conform to the applicable statute "is no longer valid." *Thompson*, 2015 IL 118151, ¶ 33. Thus, presuming that the court had both personal and subject-matter jurisdiction in a case, a sentence that is imposed erroneously by a court is merely voidable and is not subject to collateral attack. *Castleberry*, 2015 IL 116916, ¶ 11 (citing *People v. Davis*, 156 Ill. 2d 149, 155-56 (1993)). Applying the holding in *Castleberry* to this case, defendant's statutorily unauthorized sentence cannot now be corrected.

¶ 21        In defendant's supplemental brief, he asserts that the 2015 decision in *Castleberry* does not apply retroactively to his case, which was decided in 2014. In response to the State's contention that the retroactive application of *Castleberry* to all cases is the most equitable outcome, defendant contends that he must be given some means to challenge his unauthorized sentence.

¶ 22    A judicial decision that establishes a new constitutional rule applies to all criminal cases pending on direct review. *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); see also *Teague v. Lane*, 489 U.S. 288, 309 (1989). However, a new rule should almost never be applied retroactively to cases on collateral review. *Teague*, 489 U.S. at 305-06.

¶ 23    To determine whether a new rule applies on collateral review, the court considers the date on which the defendant's conviction became final and whether the constitutional rule sought by the defendant existed when the defendant's conviction became final. *People v. Avery*, 2012 IL App (1st) 110298, ¶¶ 32-33 (citing *Teague*, 489 U.S. at 301). "[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." (Emphasis in original.) *Teague*, 489 U.S. at 301.

¶ 24    Therefore, a rule that existed at the time the defendant's conviction became final is not a new rule. *Avery*, 2012 IL App (1st) 110298, ¶ 33. Accordingly, that rule can be applied on collateral review because " 'it was the law that should have been utilized in the first place.' " *Id.* (quoting *People v. Kizer*, 318 Ill. App. 3d 238, 246 (2000)).

¶ 25    In the instant case, the parties both assert that *Castleberry* set out a new rule, and they proceed to disagree as to its retroactivity. We agree with recent decisions of this court holding that *Castleberry* did not announce a new rule but instead abolished a prior rule.

¶ 26    In *People v. Smith*, 2016 IL App (1st) 140887, ¶ 29, the Appellate Court, First District, held that *Castleberry* "merely abolished the rule stated in *Arna*" and reinstated the prior rule that a sentence that did not comply with statutory guidelines was only void if the court lacked personal or subject-matter jurisdiction. Citing *Smith*, the Appellate Court, Fourth District, held in *People v. Stafford*, 2016 IL App (4th) 140309, ¶ 33, that *Castleberry* did not create a new rule but instead eliminated the previous rule.

¶ 27    *Smith* and *Stafford*, however, reached different results as to retroactivity. *Smith* held that Castleberry applied only prospectively because it did not announce a new rule. *Smith*, 2016 IL App (1st) 140887, ¶ 30. That result appears to be in conflict with the law set out above that if a rule that is not found to be new, that rule can be applied retroactively on collateral review. *Avery*, 2012 IL App (1st) 110298, ¶ 33. Indeed, as *Stafford* held, the fact that *Castleberry* did not create a new rule means that its holding "*does* apply retroactively." (Emphasis in original.) *Stafford*, 2016 IL App (4th) 140309, ¶ 33 (citing *Teague*, 489 U.S. at 301).

¶ 28    The Fourth District in *Stafford* went on to state:

> "Due to the abolition of the void sentence rule in *Castleberry*, the rule pre-*Arna* is reinstated: a sentence can only be challenged at any time as void if the court lacked personal or subject matter jurisdiction. [Citation.] Because defendant does not challenge the trial court's personal or subject matter jurisdiction, under *Castleberry*, we need not address whether his sentence is void." *Stafford*, 2016 IL App (4th) 140309, ¶ 33.

See also *People v. Buffkin*, 2016 IL App (2d) 140792, ¶ 7 n.1 (assuming the retroactive application of *Castleberry* and noting that issue is currently before the Illinois Supreme Court in People v. Price, No. 118613 (Ill. May 27, 2015) (oral arguments held on March 22, 2016)).

¶ 29    We agree with the analysis in *Stafford* and find that *Castleberry* applies retroactively to defendant in the instant case. Under *Castleberry*, defendant cannot now challenge his sentence as void.

¶ 30   Defendant asserts that under principles of due process, he must be allowed a clear remedy for challenging his natural life imprisonment, a term that was not allowed under the sentencing statute applicable to his case. We note that *Castleberry* and several cases applying its holding have set out various alternative means for obtaining a just result in these circumstances. However, under the facts presented in this case and the law set out above, defendant cannot obtain relief from his sentence by way of a voidness challenge under section 2-1401.

¶ 31   Accordingly, the circuit court's dismissal of defendant's section 2-1401 petition from judgment is affirmed.

¶ 32   Affirmed.