2020 IL App (1st) 182544-U

THIRD DIVISION
September 30, 2020

No. 1-18-2544

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 88 CR 8544 |
| ANTHONY MITROS, | ) ) | Honorable LeRoy K. Martin Jr., |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE HOWSE delivered the judgment of the court.
Justices Ellis and Burke concurred in the judgment.

ORDER

¶ 1    *Held*:   The judgment of the circuit court of Cook County is affirmed in part and reversed in part; the judgment denying plaintiff leave to file a successive postconviction petition arguing defendant's sentence is void as unauthorized by statute is affirmed where that issue is *res judicata*; to the extent defendant's proposed successive postconviction petition states a claim defendant is now unlawfully detained pursuant to a voidable sentence of imprisonment and that he has fully served the only legally available sentence applicable to his conviction, the judgment is reversed and the cause is remanded for further proceedings on the petition.

¶ 2    Defendant, Anthony Mitros, is currently serving concurrent sentences of life imprisonment without the possibility of parole and 15 years' imprisonment for first degree murder and residential burglary pursuant to an open plea of guilty. Defendant did not file a direct appeal of his conviction or sentence. Defendant has previously sought relief from his sentence pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West

2002)), section 2-1401 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2010)), and by filing a petition for writ of mandamus in the Illinois supreme court. All of defendant's efforts have proven unsuccessful. In April 2018 defendant filed a motion for leave to file a successive petition for postconviction relief from his sentence. The trial court denied defendant's motion for leave to file a successive postconviction petition.

¶ 3    For the following reasons, we affirm in part and reverse in part and remand with instructions.

¶ 4                                    BACKGROUND

¶ 5    In 1988, the State charged defendant with, as it pertains to this appeal, first degree murder, residential burglary, armed robbery, and various other related offenses based on the stabbing death of the victim in her home. Defendant, represented by counsel, elected to plead guilty to first degree murder and residential burglary and the State agreed to dismiss the remaining charges. The State sought the death penalty. During a plea conference the trial court heard mitigating evidence from the defense and, following the plea conference, informed defendant that if he pleaded guilty to first degree murder it would sentence him to natural life imprisonment without the possibility of parole and if he pleaded guilty to residential burglary the court would sentence him to a concurrent term of 15 years' imprisonment. Defendant agreed and entered an open plea of guilty to first degree murder and residential burglary. The court asked for a factual basis for defendant's guilty plea. The State offered evidence adduced at hearings on motions to quash arrest and suppress statements. Defendant stipulated to the admission of that evidence, including his confession to the killing and his fingerprints on proceeds of the burglary and in the victim's home for the purpose of the factual basis for defendant's guilty plea.

¶ 6 The trial court found a sufficient factual basis for defendant's guilty plea and entered judgment against defendant. The trial court informed defendant of his right to a jury trial to determine defendant's eligibility for the death penalty. Defendant waived his right to have a jury determine his eligibility for the death penalty and stipulated to the presence of "an aggravating factor *** whereby [defendant] would be subject to the possibility of the death penalty." The court conducted a sentencing hearing at which the State dismissed the remaining charges and presented evidence in aggravation. Defendant's attorney informed the trial court defendant would stand on the matters in mitigation presented to the court during the guilty plea conference and did not present additional evidence in mitigation. In its oral ruling the court stated it found sufficient evidence in mitigation that it would not impose the death penalty. The court sentenced defendant to natural life imprisonment without parole on the charge of first degree murder and 15 years' imprisonment followed by two years of mandatory supervised release on the charge of residential burglary to be served concurrently.

¶ 7 Defendant did not file a motion to withdraw his guilty plea or an appeal. Four months after sentencing defendant filed a *pro se* motion to receive his trial transcripts and common law record. Following a series of motions by defendant, in April 2003, the trial court denied defendant's motion for transcripts and granted the motion for the common law record. In June 2003 defendant filed a *pro se* postconviction petition. Defendant's initial *pro se* postconviction petition alleged the trial court failed to properly admonish him. Defendant requested that his case be remanded for proper admonishments and the opportunity to file a motion to reconsider his sentence. The court ultimately granted the State's motion to dismiss defendant's initial postconviction petition and this court affirmed.

¶ 8     In December 2011 defendant filed, *pro se*, a document titled "Petition For Relief from Void Judgment" pursuant to section 2-1401 of the Code.  Defendant's 2-1401 petition pointed out that at the time of the offense and sentencing in this case the Criminal Code of 1961 did not define residential burglary as a "forcible felony" and, therefore, his sentence based on committing the murder during the course of committing a forcible felony for purposes of the murder statute—specifically residential burglary—was void.  Before the State could file a responsive pleading the trial court *sua sponte* denied defendant's 2-1401 petition for relief from judgment.  Defendant appealed the court's judgment denying his 2-1401 petition and this court initially reversed.  This court found that when defendant committed his crimes in 1988,

> "[a] term of natural life imprisonment could be imposed upon a finding of an
> aggravating factor listed in subsection 9-1(b) of the murder statute.  Ill. Rev. Stat.
> 1987, ch. 38, & 1005–8–1(a)(1)(b); Ill. Rev. Stat. 1987, ch. 38, & 9–1(b).  One
> such factor was if the victim was killed in the course of a forcible felony listed in
> the statute.  Ill. Rev. Stat. 1987, ch. 38, & 9–1(b)(6)(c).  At the time of
> defendant's offense, residential burglary was not listed among those felonies.  *Id.*
> Therefore, defendant could not have been sentenced to natural life imprisonment
> for committing murder in the course of a residential burglary."  *People v. Mitros*,
> 2014 IL App (1st) 121432-U, ¶ 14 (*Mitros I*).

We rejected the State's argument that defendant's stipulation to the existence of an aggravating factor permitted the trial court to sentence defendant to life imprisonment without the possibility of parole.  In the appeal from the denial of the 2-1401 petition the State argued "the stipulation was valid because armed robbery was an enumerated felony in the [murder] statute."  *Id.* ¶ 15.  We held:

> "Counsel cannot stipulate to a sentence that is not allowable under the relevant statute. [Citation.] Defendant was charged in count III with murder during the commission of armed robbery. Although armed robbery was an enumerated felony in section 9-1(b) that would permit a natural life sentence, defendant was not convicted under count III; in fact, that count was *nolle prossed*. Defendant was convicted of intentional murder and a separate count of residential burglary, but those two offenses could not combine to allow a sentence of natural life imprisonment." *Id.* ¶ 16.

We vacated defendant's sentence and remanded for resentencing on first degree murder with the statutory range applicable in 1988 which, in this case, was between 20 and 60 years in prison. *Id.* ¶ 17.

¶ 9    The State filed a petition for leave to appeal (PLA) to our supreme court. Our supreme court denied the State's PLA but issued a supervisory order to this court to vacate our judgment and reconsider in light of its decision in *People v. Castleberry*, 2015 IL 116916. *People v. Mitros*, 2016 IL App (1st) 121432, ¶ 4 (*Mitros II*). The parties in this case submitted supplemental briefing on that issue and after reconsidering this case in light of *Castleberry*, this court found (1) *Castleberry* applied retroactively to defendant's case and (2) pursuant to *Castleberry*, "defendant can no longer challenge his sentence as void." *Id.* ¶¶ 4-5.

¶ 10    Pertinent to the appeal currently before this court, we noted in consideration of defendant's appeal from the denial of his 2-1401 petition in light of *Castleberry* that the appeal involved "defendant's 2011 *pro se* petition challenging his sentence as void." *Id.* ¶ 17. That 2011 *pro se* petition was "beyond the two-year time frame allowed in section 2-1401" (*id.* ¶ 18) but, until our supreme court decided *Castleberry*, a defendant could "challenge a judgment after

the expiration of the two-year deadline set out in section 2-1401 by asserting that judgment was void" (*id.* ¶ 18). We specifically noted the ability to so challenge a judgment beyond the two-year deadline set out in section 2-1401 by asserting the judgment is void as unauthorized by statute "was the basis of this court's order in *Mitros [I]*, 2014 IL App (1st) 121432-U, that defendant should be resentenced because his original term was void as unauthorized by statute." *Id.* ¶ 18. However, "the void sentence rule was abolished in *Castleberry*." *Id.* ¶ 19. Then,

> "[s]everal weeks after deciding *Castleberry*, the supreme court in [*People v. Thompson*, 2015 IL 118151,] addressed a voidness challenge under section 2-1401. The court held that under *Castleberry*, an argument that a sentence does not conform to the applicable statute 'is no longer valid.' [Citation.] Thus, presuming that the court had both personal and subject-matter jurisdiction in a case, a sentence that is imposed erroneously by a court is merely voidable and is not subject to collateral attack. [Citations.]" *Id.* ¶ 20.

This court held, "[a]pplying the holding in *Castleberry* to this case, defendant's statutorily unauthorized sentence cannot now be corrected." *Id.* ¶ 20. We rejected defendant's argument *Castleberry* did not apply retroactively to his case and specifically held "*Castleberry* applies retroactively to defendant in the instance case. Under *Castleberry*, defendant cannot now challenge his sentence as void." *Id.* ¶ 29.

¶ 11    Defendant filed a PLA to our supreme court from this court's judgment that *Castleberry* precluded defendant from now challenging his sentence of life imprisonment without parole but our supreme court denied the PLA. While defendant's PLA was pending before our supreme court defendant filed a motion for leave to file a petition for writ of mandamus to our supreme court. Defendant asked our supreme court to issue a writ of mandamus to the trial court to

vacate his allegedly "illegal" sentence and to resentence him within the 20-to-60-year sentencing range. Our supreme court received and docketed defendant's motion for leave to file a petition for writ of mandamus, but defendant's motion was also heard before the trial court that sentenced him. In July 2017 and September 2017, respectively, the trial court and our supreme court denied defendant's motions for leave to file a petition for writ of mandamus.

¶ 12    In April 2018, defendant filed the motion for leave to file a successive postconviction petition that is the subject of this appeal. The motion for leave to file a successive postconviction petition stated it is based on a claim of actual innocence. The motion stated the trial court found defendant eligible for a sentence of life imprisonment, rather than a term within the 20-to-60-year sentencing range, "because the victim *** was murdered in the course of a residential burglary." The motion argued defendant "is innocent of the 'felony' murder of [the victim in this case]—not because he did not commit the acts alleged, but because, as a matter of law, those acts did not amount to felony murder under the statute in effect at the time." The motion also asserted that at the time of the offense in this case our supreme court excluded residential burglary from the class of offenses that could support an enhanced sentence "for felony murder." Defendant's motion argued this "change" was a change in the substantive law of criminal liability and therefore he is "entitled to apply this rule to his case." Defendant further argued his successive petition states a valid claim of actual innocence such that he "is entitled to file the petition whether or not he has met the cause-and-prejudice test of section 122-1 of the Act."

¶ 13    Defendant's motion for leave to file a successive postconviction petition specifically sought "to have his illegal and unconstitutional sentence vacated" and to be "resentenced within the 20-60 year range allowed by statute." Defendant's motion further argued the sentencing error in this case "has resulted in a due process violation" and "the state must provide adequate

remedy *** for the illegal deprivation of [] defendant's liberty" where "[s]tatutes that limit the lawful period of incarceration to which a defendant may be subjected create liberty interests protected by due process. *Wolff v. McDonnell*, 418 U.S. 539, 557."

¶ 14    Defendant filed the proposed successive postconviction petition with his motion for leave to file (hereinafter, "petition"). The petition states defendant entered an open plea of guilty to first degree murder and residential burglary. The petition contends defendant is "actually innocent of felony murder and as such, his life sentence is illegal because it was not authorized by the first degree murder statute in effect at the time of his offense." The trial court sentenced defendant pursuant to section 9-1(b) of the murder statute "which authorized a life sentence if the victim was killed in the course of an enumerated forcible felony" but "residential burglary was not one of the forcible felonies listed in the statute." The petition asserts the maximum statutorily authorized sentence applicable to defendant was 57 years' imprisonment with three years of mandatory supervised release (MSR). The petition notes that "in 1988, murder was eligible for 'day for day' sentencing credit." Therefore, "if, on resentencing, the trial court imposed the maximum sentence [defendant] would physically serve a prison term of 28 ½ years." The petition argues that as of December 24, 2016 defendant "had served the maximum sentence he could receive to be resentenced on remand to serve physically imprisoned and would have been entitled to be released on MSR." Thus, "[a]t the time of filing this motion/petition, [defendant] has been illegally incarcerated in the IDOC for over 1 year and 3 months in violation of both the state and federal constitutional guarantees of the 14th amendment, due process and equal protection."

¶ 15    The petition asks, "[i]n the interests of justice," that the court "grant postconviction relief by vacating his illegal sentence and resentencing him to a sentence allowed and supported by

statute according to the legal facts of his convictions" or to remand for resentencing to a term within the applicable statutory range. Defendant also filed a memorandum of law in support of the petition in which defendant argues he is entitled to immediate release because he has "physically served the maximum sentence he could receive once the illegally enhanced portion of his sentence is vacated." The memorandum of law similarly argues defendant "has been illegally incarcerated for over a year" in violation of state and federal constitutional guarantees of due process and equal protection.

¶ 16    In September 2018, the trial court denied defendant's motion for leave to file a successive postconviction petition.

¶ 17    This appeal followed.

¶ 18                                          ANALYSIS

¶ 19    This appeal arises from the denial of defendant's motion for leave to file a successive petition for postconviction relief under the Act. "The denial of a defendant's motion for leave to file a successive postconviction petition is reviewed *de novo*." (Internal quotation marks omitted.) *People v. Morrow*, 2019 IL App (1st) 161208, ¶ 59. Although the Act contemplates only one postconviction proceeding the bar against successive proceedings will be relaxed if a defendant can show "cause" for their failure to raise a claim earlier and "prejudice" from their failure to do so or if a defendant claims actual innocence of the crime for which they stand convicted. *Id.* ¶¶ 54-55. As stated above the motion for leave to file a successive postconviction petition and the petition state they are based on a claim of actual innocence of felony murder.[1]

---

[1]    Defendant obviously was not convicted of felony murder as he pleaded guilty to first degree murder during the commission of a residential burglary.

"[A] freestanding actual innocence claim may be brought after a guilty plea, and *** a defendant need not challenge the knowing and voluntary nature of his or her plea to bring such a claim. The wrongful imprisonment of an innocent person violates procedural and substantive due process under the Illinois Constitution and, thus, a freestanding claim of actual innocence is cognizable under the Act." *People v. Shaw*, 2019 IL App (1st) 152994, ¶ 44.

¶ 20 A claim of actual innocence in a successive postconviction petition may only be considered if the evidence in support of the claim is newly discovered, material and not merely cumulative, and, most importantly, "of such a conclusive character that it probably would change the result on retrial." *People v. Miranda*, 2018 IL App (1st) 170218, ¶ 25. "Evidence of actual innocence must support total vindication or exoneration, not merely present a reasonable doubt." *People v. Adams*, 2013 IL App (1st) 111081, ¶ 36. For purposes of this appeal we also note that under the cause and prejudice test a defendant must establish both cause *and* prejudice and, because both prongs of the test must be satisfied, "we may uphold the denial of leave to file the claim if defendant has failed to establish either prong." *Morrow*, 2019 IL App (1st) 161208, ¶ 57. "Cause" is shown by identifying an objective factor that impeded the defendant's ability to raise a specific claim during initial postconviction proceedings. *People v. Handy*, 2019 IL App (1st) 170213, ¶ 27, citing 725 ILCS 5/122-1(f) (West 2016). "Prejudice" is shown "by demonstrating that the claim not raised during *** initial post-conviction proceedings so infected the trial that the resulting conviction *or sentence* violated due process." (Internal quotation marks omitted and emphasis added.) *Id.*

¶ 21 On appeal from the denial of his motion for leave to file the petition at issue, defendant primarily argues his sentence is "void," and he has fully served the maximum period of

imprisonment permitted by the applicable law; therefore, he must be released. Defendant acknowledges this court's decision in *Mitros II* and asserts he sought relief through "alternative means" by filing a motion for leave to file a petition for writ of mandamus. See *Castleberry*, 2015 IL 116916, ¶¶ 26-27. Having been rebuked, he "tried again to obtain relief for his illegally long sentence, seeking leave to file the instant successive postconviction petition." Defendant argues on appeal from denial of that motion that our decision in *Mitros II* established "cause" for his not earlier making the argument that his sentence of life imprisonment without the possibility of parole is illegal. In reply defendant further argues the abolition of the void sentence rule in *Castleberry* establishes cause for defendant's motion for leave to file his successive petition.

¶ 22    These arguments fail, as our decision in *Mitros II* expressly held that his sentence was not authorized by statute. *Mitros II*, 2016 IL App (1st) 121432, ¶ 15 ("defendant's sentence was not authorized by statute when imposed by the trial court in 1989"). Nonetheless, that decision also held, pursuant to *Castleberry*, "defendant cannot now challenge his sentence as void." *Id.* ¶ 29. *Castleberry* "simply eliminated the void sentence rule. In short, *Castleberry* did not change any rule affecting the conduct of criminal prosecutions. *Castleberry* comes into play, if at all, only after judgment is rendered in the criminal trial." *People v. Price*, 2016 IL 118613, ¶ 22. The rules pertaining to postconviction petitions after judgment is rendered in a criminal trial remained the same. As previously stated,

> "a defendant may file only one petition under the Act without leave of court, and claims not raised in an initial petition as amended are waived. [Citation.] Leave to file a successive petition is granted if the defendant can show cause for not raising the new claim in an earlier proceeding and prejudice—a deprivation of due process—from not raising it earlier. [Citation.] Thus, the requirements for filing

a successive postconviction petition are higher than those for an initial postconviction petition. [Citations.]" *People v. Cook*, 2019 IL App (1st) 161428, ¶ 8.

This is why "defendants embraced [the] void sentence rule because it allowed them to attack a statutorily nonconforming sentence at any time, in any court, either directly or collaterally ([citation]). Thus, as to defendants, the void sentence rule functioned as a judicially created exception to the forfeiture doctrine. [Citations.]" *Price*, 2016 IL 118613, ¶¶ 16-17. However,

"*Castleberry* abolished the void sentence rule because it was constitutionally unsound. [Citation.] Specifically, *Castleberry* determined that the 'inherent power' view of jurisdiction, on which the rule was based, could not be reconciled with the constitutional grant of jurisdiction and was at odds with opinions from this court rejecting that view of jurisdiction in the civil context. [Citation.] Thus, pursuant to *Castleberry*, a statutorily nonconforming sentence is not void; it is merely voidable and subject to the usual rules of forfeiture or other procedural restraints. In addition to our constitutional jurisprudence, *Castleberry* relied on the policy favoring finality of judgments. [Citations.] After *Castleberry*, a reviewing court may no longer, *sua sponte*, correct a statutorily nonconforming sentence ([citation]), the State may no longer seek to correct such a sentence on direct review but must seek a writ of mandamus to do so ([citation]), and a defendant may no longer rely on the void sentence rule to overcome forfeiture of a claimed sentencing error or to challenge a statutorily nonconforming sentence in perpetuity ([citation]). [Citation.]" *Id.*

¶ 23    A "defendant cannot rely on the void sentence rule, which *Castleberry* eliminated, to escape the two-year statutory time bar. [Citation.]" *Id.* ¶ 35. Moreover, while the Act permits the filing of a successive petition, "[a] defendant must establish cause and prejudice as to each individual claim asserted in a successive postconviction petition to escape dismissal under the doctrine of *res judicata* and waiver. [Citations.]" *People v. Smith*, 2016 IL App (1st) 140887, appeal denied, judgment vacated, abrogated by *Price*, 2016 IL 118613. In this case, in alternatively arguing that the trial court erred in denying his motion for leave to file a successive postconviction petition on *res judicata* grounds defendant admits "this Court has already decided the merits of [defendant's] claim that his [life without parole] sentence did not conform to statutory requirements." We fail to see how our prior decision that answered the question presented provides cause for failure to ask the question earlier.

¶ 24    Thus, neither *Castleberry* nor our decision in *Mitros II* establish "cause" for defendant's failure to raise his claim that his sentence is void sooner or to overcome the *res judicata* bar to defendant's successive postconviction petition challenging the validity of his sentence. Defendant failed to establish cause for his failure to raise his claim his sentence is "void" or not authorized by law in his earlier petition—because he did. That claim has been decided. That decision is *res judicata* in these proceedings. Not only has defendant failed to demonstrate "cause" for failing to raise a claim that his sentence is void sooner, defendant has in fact already raised this claim and it has been decided by this court. We hold defendant failed to establish the "cause" element of the cause and prejudice test. "[W]e may uphold the denial of leave to file the claim if defendant has failed to establish either prong." *Morrow*, 2019 IL App (1st) 161208, ¶ 57. Accordingly, the trial court's judgment denying defendant's motion for leave to file a successive postconviction petition claiming his sentence is void is affirmed.

¶ 25    Regardless, defendant's motion for leave to file a successive postconviction petition can reasonably be read to raise a different claim:  that defendant's continued imprisonment is unlawful under the eighth amendment.  We will apply a liberal construction to a defendant's *pro se* successive postconviction petition to ascertain the claims it states.  See *People v. Weathers*, 2015 IL App (1st) 133264, ¶ 22.  A liberal construction means the petition "need only present a limited amount of detail" and "need not make legal arguments or cite to legal authority." (Internal quotation marks omitted.)  *People v. Delton*, 227 Ill. 2d 247, 254 (2008).  Moreover, "[i]t is well settled that the circuit court can recharacterize a *pro se* pleading alleging a deprivation of rights cognizable in a postconviction proceeding but not labeled a postconviction petition, even one clearly labeled as something else.  [Citations.]"  *Cook*, 2019 IL App (1st) 161428, ¶ 9.

¶ 26    In this appeal, defendant asserts the claim his continued imprisonment is unlawful under the eighth amendment in support of finding cause and prejudice for his "failure" to earlier raise his claim his sentence is unlawful.  Specifically defendant argues on appeal that his "continued incarceration *** established prejudice."  But, in this appeal defendant also argues he has already served the longest legal sentence available at the time of his conviction.  ***  At this point, the time that [defendant] is serving in prison is illegal.  ***  His continued incarceration violates his constitutional rights."  (Emphasis omitted.)  Defendant asserts *Castleberry* did not, and "cannot[,] change the basic constitutional principle that a defendant may not be subjected to a criminal penalty that is not authorized by law;" and, in this case, "his continued illegal imprisonment is a violation of due process and the Eighth Amendment protections against cruel and unusual punishment."  Defendant also argues that even absent "cause and prejudice" the failure to raise a claim in an earlier petition should be excused "if necessary to prevent a

fundamental miscarriage of justice. *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002)."

(Internal quotation marks omitted.) In support of finding a "fundamental miscarriage of justice"

defendant argues that at the time this court decided *Mitros II* he had not yet served "the

complete, legal term of 60 years available for his offense;" but, now that he (allegedly) has, he is

entitled to immediate release.

¶ 27    In *Walker v. U.S.*, 2006 WL 2375452, No. 3:02 CV 66, 3:97 CR 22-9, *1 (W.D. N.C.

Aug. 14, 2006), vacated and remanded, 299 Fed. Appx. 273 (4th Cir. 2008), the government

tried and convicted the defendant and codefendants on various drug offenses. The district court

sentenced the defendant based on the quantity of drugs involved. *Id.* The district court made the

finding as to the amount of drugs involved "based on a preponderance of the evidence, not a

jury's finding beyond a reasonable doubt." *Id.* The defendant had failed to preserve the error in

the trial court, so the alleged error on appeal was subject to plain error review. *Id.* The appellate

court held "that because there was overwhelming evidence of the drug quantities plain error did

not occur." *Id.* *2. The matter then proceeded on a motion to vacate, set aside, or correct the

defendant's sentence. *Id.*, 28 U.S.C. § 2255. Section 2225 of the United States Code provides

relief where a sentence is in excess of the maximus authorized by law. *Id.* 89, citing 28 U.S.C. §

2255. The court noted that,

> "[w]hile the statutory language [of § 2255] is rather general, the Supreme Court
>
> has narrowly confined the scope and availability of collateral attack for claims
>
> that do not allege constitutional or jurisdictional errors. Such claims are properly
>
> brought under § 2255 only if the claimed error is 'a fundamental defect which
>
> inherently results in a complete miscarriage of justice' or 'an omission
>
> inconsistent with the rudimentary demands of fair procedure.' The error must

'present exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.' *** The reason for so sharply limiting the availability of collateral attack for nonconstitutional, nonjurisdictional errors is that direct appeal provides criminal defendants with a regular and orderly avenue for correcting such errors." *Id.* at *9.

¶ 28 The district court held it could consider the defendant's *Apprendi* challenge to the sentence "in this collateral review because it was raised as an issue during the [defendant's] direct appeal." *Id.* at *12. The Fourth Circuit Court of Appeals later reversed that holding. *United States v. Walker*, 299 Fed. Appx. 273, 277 (4th Cir. 2008) ("because there has been no change in the governing law since this court declined on direct appeal under plain-error review to correct the *Apprendi–Booker* error in Walker's direct appeal, the district court likewise erred by granting Walker the relief that this court had already denied on direct appeal"). Nonetheless, *Walker* is instructive here. In that case, the government argued a prior decision by the Fourth Circuit rejecting the defendant's claims regarding the sentencing error was the law of the case from which the district court could not deviate. *Id.* at *13. The district court rejected that argument based on the rule that the law of the case doctrine "does not apply if the court is convinced that [its prior decision] *** would work a manifest injustice." (Internal quotation marks omitted.) *Id.*, quoting *Agostini v. Felton*, 521 U.S. 203, 236 (1983). The district court wrote as follows:

> "The Court can perceive of few legal scenarios more manifestly unjust
> than keeping a man in prison for the rest of his life when the correct sentence is
> 20 years imprisonment. *Dobbs v. Zant*, 506 U.S. 357, 359 (1993) ('As the Court
> of Appeals itself acknowledged, its refusal to review the transcript left it unable to

apply the manifest injustice exception to the law of the case doctrine, and hence unable to determine whether its prior decision should be reconsidered.'); *United States v. Mikalajunas*, 186 F.3d 490, 497-98, 502 (4th Cir.1999) (Murnaghan, J. dissenting) ('I do not believe that the state's interest in finality outweighs even one year of a man's life[;]' '[T]he issue is whether *** it is fundamentally unjust to keep a prisoner in jail for one year *** longer than the correct sentence dictated by the [statute];' 'The real issue, though, is whether it is a complete miscarriage of justice to keep a defendant imprisoned beyond the defendant's correct sentence. I think the answer is clear.')." *Id.* at *13.

¶ 29 Additionally, the district could find relief warranted because the defendant's sentence "involves 'a fundamental defect which inherently results in a complete miscarriage of justice' or is 'inconsistent with the rudimentary demands of fair procedure.' " *Id.* The court found as follows:

> "If [the Court] do[es] not correct this error, [the defendant] will serve a term of imprisonment [of life which is] longer than required by the [statute]. [The Court] cannot casually ignore this fact because of an overly-strict adherence to technical requirements. [Y]ears of a man's life is not a trifling thing. No court of justice would require a man to serve *** undeserved years in prison when it knows that the sentence is improper. The fairness, integrity and public reputation of our judicial system demand that [the undersigned] correct [the [defendant's]] sentence." *Id.* at *14, citing *United States v. Ford*, 88 F.3d 1350, 1356 (4th Cir. 1996); *Stone v. Powell*, 428 U.S. 465, 477 n10 (1976).

Finally, we note our supreme court has similarly held that

"a reviewing court may, in furtherance of its responsibility to provide a just result, override considerations of waiver. [Citations.] This interpretation is supported by Supreme Court Rule 366(a)(5), which deals with the powers of a reviewing court and the scope of review. [Citation.] Rule 366(a)(5) provides that a reviewing court has the authority to 'enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief *** that the case may require.' [Citation.]" *In re Marriage of King*, 336 Ill. App. 3d 83, 91 (2002), citing *Welch v. Johnson*, 147 Ill. 2d 40, 48 (1992); *In re Marriage of Sutton*, 136 Ill. 2d 441, 446 (1990); *Hux v. Raben*, 38 Ill. 2d 223, 225 (1967).

¶ 30    In this case, we have no need to apply the fundamental miscarriage of justice exception to the forfeiture and *res judicata* bars to defendant's postconviction claim at this time. Defendant has stated a clam his rights under the eighth amendment to the United States Constitution are being violated by his continued incarceration pursuant to an unlawful sentence which he lacks the means to attack.

"As explained in such cases as *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014); *Sample v. Diecks*, 885 F.2d 1099, 1108-10 (3d Cir. 1989); and *Haygood v. Younger*, 769 F.2d 1350, 1354-55 (9th Cir. 1985) (*en banc*), a state officer who unlawfully keeps a person in custody beyond the date at which he (in this case she) is entitled to be released imposes a form of cruel and unusual punishment, and thus violates the Eighth Amendment. A lawless extension of custody is certainly unusual, and it is cruel in the sense of being imposed without any legal authority." *Hankins v. Lowe*, 786 F.3d 603, 605 (7th Cir. 2015).

See also *Childress v. Walker*, 787 F.3d 433, 439 (7th Cir. 2015) (and cased cited therein).  It is a violation of the eight amendment to the United States constitution to imprison a person longer than the law permits.  For example, in *Russell v. Lazar*, 300 F. Supp. 716, 720 (E.D. Wis. 2004), the court wrote as follows:

> "Incarcerating a prisoner beyond the termination of his sentence without penological justification violates the Eighth Amendment prohibition of cruel and unusual punishment when it is the product of deliberate indifference.  *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir.2001) (citing *Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir.1993); *Sample v. Diecks*, 885 F.2d 1099, 1108-09 (3d Cir.1989); *Haygood v. Younger*, 769 F.2d 1350, 1354-55 (9th Cir.1985) (en banc)).  To establish § 1983 liability for incarceration without penological justification, a plaintiff must establish three elements.  [Citation.]  he must show that a prison official knew of his problem and thus of the risk that he was being or would be subjected to unwarranted punishment.  Second, the plaintiff must show either that the official failed to act or took action that was ineffectual under the circumstances, thereby indicating that he was deliberately indifferent to the plaintiff's plight.  Finally, the plaintiff must show a causal connection between the official's conduct and the unjustified detention.  [Citations.]"  *Russell v. Lazar*, 300 F. Supp. 2d 716, 720 (E.D. Wis. 2004).

We note additionally that "in any given § 1983 suit, the plaintiff must still prove a violation of the underlying constitutional right."  *Daniels v. Williams*, 474 U.S. 327, 330 (1986).  Further, we note that § 1983 liability for deliberate indifference "merely provides a cause of action" meant "to ensue that *** inflictions of punishment carry [civil] liability."  See *Farmer v. Brennan*, 511

U.S. 825, 842 (1994). See also *Turner v. Godinez*, 693 Fed. Appx. 449, 454 (7th Cir. 2017), citing *Werner v. Wall*, 836 F.3d 751, 760-61 (7th Cir. 2016), *Figgs v. Dawson*, 829 F.3d 895, 902-03 (7th Cir. 2016), *Burke v. Johnston*, 452 F.3d 665, 667 (7th Cir. 2006); *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001) ("allegations that Department of Corrections staff intentionally held him for too long state a claim under the Eighth Amendment"). *Amato*, *Sample*, and *Haygood* all involved civil actions pursuant to section 1983. In this case defendant is not seeking § 1983 relief but is alleging his continued incarceration is a violation of the eighth amendment.

¶ 31    Defendant has not cited, nor has our research revealed, a similar claim under the eighth amendment of an unlawful detention being brought pursuant to the Act. Regardless, in light of the fundamental constitutional rights involved (see *supra*, ¶¶ 29-31) we hold defendant's claim is cognizable under the Act. "The purpose of [a postconviction] proceeding is to allow inquiry into constitutional issues relating to the conviction or sentence that were not, and could not have been, determined on direct appeal." (Internal quotation marks omitted.) *People v. Parada*, 2020 IL App (1st) 161987, ¶ 15, citing *People v. Barrow*, 195 Ill. 2d 506, 519 (2001). Defendant's claim satisfies these criteria. "The Illinois Post-Conviction Hearing Act was intended to, and we hold that it does, provide a remedy for any person who is imprisoned in the penitentiary in violation of his constitutional rights." *People v. Jennings*, 411 Ill. 21, 26 (1952). Further, "the Act in general must be 'liberally construed to afford a convicted person an opportunity to present questions of deprivation of constitutional rights.' [Citation.]" *People v. Marino*, 397 Ill. App. 3d 1030, 1033 (2010), quoting *People v. Rissley*, 206 Ill. 2d 403, 421 (2003). Moreover, as defendant had not completed the maximum lawful term of imprisonment applicable to his conviction he could not have brought this claim sooner.

¶ 32     Accordingly, the trial court's judgment denying defendant's motion for leave to file a successive postconviction petition is reversed only to a claim pursuant to the eighth amendment that defendant is currently unlawfully imprisoned because he has served the maximum term of imprisonment legally applicable to his conviction. The cause is remanded to the circuit court of Cook County for further proceedings consistent with this order.

¶ 33                         CONCLUSION

¶ 34     For the foregoing reasons, the circuit court of Cook County is affirmed in part, reversed in part, and the cause is remanded with instructions

¶ 35     Affirmed in part, reversed in part, and remanded with instructions.